**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RODNEY BROWN,**

      **Plaintiff,**

**v.**

**MID SOUTH TOWING, INC.,**
**n/k/a TECO BARGE LINE, INC.**

      **Defendant.**                   **Case No. 05-cv-407-DRH**

**<u>MEMORANDUM & ORDER</u>**

**HERNDON, District Judge:**

      Before the Court is Plaintiff's Motion for Default Judgement, made pursuant to **Federal Rule of Civil Procedure 55**.  (Doc. 8.)  Plaintiff had filed his Complaint against Defendant on June 8, 2005.  (Doc. 1.)  The executed summons indicates that Plaintiff served Defendant with his Complaint on June 13, 2005, thereby requiring Defendant to file its Answer or otherwise plead by July 5, 2005.  (Doc. 3.)  On September 14, 2005, the Court issued a Notice of Pending Dismissal, stating that the matter would be dismissed for failure to prosecute if Plaintiff failed to request a default judgment against Defendant, as Defendant had not then filed its Answer or otherwise plead.  (Doc. 4.)  Accordingly, Plaintiff filed his Motion for Default Judgment, with supporting exhibits, and requested a hearing, pursuant to **Federal Rule of Civil Procedure 55(b)(2)**, in order to properly determine the amount of damages to be awarded in default.  (Doc.  8.)

1

Shortly after Plaintiff filed the Motion for Default Judgment, Defendant then filed Notices of Appearance on behalf of its two attorneys, its Answer and also its opposing response to Plaintiff's motion.  (Docs. 9-12.)  The main thrust of Defendant's opposing argument is that Plaintiff has incorrectly moved for a default judgment, in that he failed to first request the clerk of the court to enter a default before moving the Court to enter a judgement of default.  (Doc. 12, pp. 1-2.)  In sum, Defendant postulates that Plaintiff's Motion for Default is therefore "premature." (*Id.* at 2.)

Because Defendant has now filed its Answer,[1] there is no need to address the procedural aspects of Plaintiff's motion, as a default judgment can only been entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." **FED. R. CIV. P. 55(a)**.  This is no longer the case.  Defendant has expressed its "intent to defend the merit of [P]laintiff's allegations."  (Doc. 12, p. 3.)  Furthermore, "it is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments." ***Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984)).**

---

[1]  The Court notes that Defendant has filed its Answer past the July 5, 2005, deadline and does not state reasons for its untimely filing, nor did it move for leave to file.  However, Plaintiff has not objected to Defendant's filing of its Answer.  Additionally, unlike a situation where a default judgment is entered and then a defendant must file a motion to set aside the default judgment as well a motion for leave to file its proposed answer to the plaintiff's complaint, the Court is not aware of binding authority expressly barring Defendant from filing its Answer in this fashion, as there was no entry of default judgment at the time.

Accordingly, Plaintiff's Motion for Default Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

**Signed this 30th day of November, 2005.**

/s/              David RHerndon
**United States District Judge**

3